IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS CONTROLLING GMBH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SKYPE, INC., *ET AL* ) <br> ) <br> Respondents ) <br> ) | Civil Action No._____ |

## VIA VADIS CONTROLLING GMBH'S MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR DISCOVERY

Petitioner Via Vadis Controlling GmbH ("Via Vadis") hereby submits this Memorandum of Law in Support of its Petition for Discovery pursuant to 28 U.S.C. § 1782.

### INTRODUCTION

Via Vadis petitions this Court under 28 U.S.C. § 1782 to order Skype, Inc. ("Skype"), Skype Communications S.à r.l. ("SkypeC"), Skype Global S.à r.l. ("SkypeG"), Skype Software S.à r.l. ("SkypeS") and Skype Technologies, SA (SkypeT") (collectively, "Respondents"), to provide limited discovery as set forth herein. The discovery is needed to more effectively litigate certain patent infringement lawsuits pending in Germany and Luxembourg against SkypeS. Specifically, Via Vadis requests that the Court require Respondents to produce the computer source code and core technical documents underlying the Skype telecommunications service.

### STATEMENT OF FACTS

Via Vadis is the exclusive licensee of European Patent No. EP 1 151 591 entitled "Data Access and Management System as well as a Method for Data Access and Data Management for a Computer Access" (the "EP '591 patent"). *See* Declaration of Hosea Haag ("Haag Declaration"), at ¶ 4, attached hereto as **Exhibit A**. As the exclusive licensee of the EP '591

1

patent, Via Vadis has the right to sue for, and recover, damages and to seek and obtain injunctive relief for its infringement. *Id.*

The inventions claimed in the EP '591 patent include, among other things, a method of improved data access and management in a computer system performed in such a way that portions of divided data are stored, accessed, and managed in a redundant manner. This invention allows data providers to operate at significant scale and to effectively manage the integrity and quality of data communications, even at peak times, and are critical for many of today's communications applications that demand near instantaneous transmission of data and functionality.

Respondents own, operate and are otherwise responsible for Skype peer-to-peer voice over internet protocol ("VOIP") communications systems, methods, products and services, which are available through computers, such as desktop and laptop computers, communication devices, such as telephone and mobile devices, and other devices, such as television systems. Via Vadis has filed patent infringement lawsuits in Germany and Luxembourg against SkypeS alleging that SkypeS' telecommunications system infringe on Via Vadis' patent rights.[1] Haag Declaration at ¶¶ 6-7. Specifically, on January 21, 2011, Via Vadis filed a lawsuit with the District Court of Dusseldorf in Germany against SkypeS based on infringement of the EP '591 patent. A true and correct copy of the complaint in the German lawsuit is attached hereto as **Exhibit B**. *See also* Haag Declaration at ¶ 6. A trial in this matter is scheduled for December 6, 2012. Haag Declaration at ¶ 6. Via Vadis also filed a complaint based on infringement of the EP '591 patent in Luxembourg with the Président du Tribunal d'arrondissement de et á

---

[1] The term "Skype telecommunications service" used herein refers to the same technology as the "Accused Systems, Methods, Products and Services" referenced in the Second Amended Complaint filed in Case No. 11-507-RGA pending before this Court.

Luxembourg. A true and correct copy of the complaint in the Luxembourg lawsuit is attached hereto as **Exhibit C**. *See also* Haag Declaration at ¶ 7.

As a result of certain proceedings initiated in Luxembourg, the Court President (*i.e.*, the Presiding Judge) issued an Ordonnance (the functional equivalent to a search order in the United States) on January 21, 2011, permitting Via Vadis to inspect the business premises of SkypeS in Luxembourg in order to gain access to, and inspect, the computer source code underlying the Skype software products and peer-to-peer network. A true and accurate copy of the Luxembourg Ordonnance is attached hereto as **Exhibit D**. *See also* Haag Declaration at ¶ 17. Based on this Ordonnance, two court-appointed experts made arrangements to inspect the source code at the offices of SkypeS in Luxembourg. Haag Declaration at ¶ 18. Despite issuance of the Ordinance, the court-appointed experts were prevented by SkypeS from reviewing the source code. Instead, they were provided with only limited information regarding the functionality and capabilities of the Skype software products. Haag Declaration at ¶ 19. SkypeS' conduct in preventing the court appointed experts from accessing the Skype source code was not in compliance with the Ordonnance. *Id.*

To litigate its claims against SkypeS in Germany and Luxembourg effectively and efficiently, Via Vadis needs Respondents to produce the computer source code underlying the Skype software products and peer-to-peer network. Haag Declaration at ¶ 8. Indeed, the Court President in Luxembourg recognized this need by ordering SkypeS to produce this source code. Haag Declaration at ¶¶ 17 - 18. The computer source code is highly relevant to the proceedings in both Germany and Luxembourg because it would likely establish whether the inventions claimed in the EP '591 patent are present in Skype's telecommunications service. Haag Declaration at ¶ 22. Without such evidence, Via Vadis is left to prove its allegations of

infringement using publically available technical documents released by the Defendants regarding the nature of their telecommunications services, as well as inferences and conclusions therefrom. While Via Vadis believes that such evidence should lead the German and Luxembourg Courts to find in its favor, the source code and related technical documents will no doubt provide these Courts with the most conclusive evidence on the subject.

## LEGAL ARGUMENT

I.   **Applicable Legal Standard**

"A request for discovery under § 1782 presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so." *In re Application of Grupo Oumma, S.A.*, 2005 WL 937486, at *1 (S.D.N.Y. Apr. 22, 2005); *accord Schmitz v. Bernstein, Liebhard & Lifshitz*, LLP, 376 F.3d 79, 83-84 (2d Cir. 2004). Here, both of these inquiries weigh in favor of this Court granting Via Vadis' request to obtain discovery from Respondents.

II.  **Via Vadis' Requested Discovery Meets the Requirements of 28 U.S.C. §1782**

Section 1782(a) authorizes a district court to compel discovery against an entity located within its district for use in a foreign judicial proceeding. In this regard, §1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…The order may be made…upon the application of any interested person….

28 U.S.C. § 1782(a).

In order to succeed in its petition, a petitioner seeking discovery under §1782 needs to demonstrate that (1) the discovery is sought from a person found in the district; (2) the discovery

is for use in a proceeding before a foreign tribunal; and (3) the petitioner is an "interested person" before such foreign tribunal. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).

Via Vadis' petition satisfies all the requirements of §1782. First, Defendant Skype, Inc. "resides" in this district as it is a corporation organized and existing under the laws of the State of Delaware. The remaining Respondents - SkypeC, SkypeG, SkypeS and SkypeT - also meet the express elements of the statute as they are "found" in this District given the fact that they routinely do business here. Moreover, all of these Respondents are already subject to jurisdiction in this Court because they are parties in related patent litigation currently pending before this court in *Via Vadis, LLC v. Skype, Inc. et al*, Civil Action No. 11-507-RGA (the "U.S. Lawsuit").[2]

Second, the discovery sought is for use in, and is highly relevant to, the patent infringement lawsuits pending in Germany and Luxembourg. *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004) ("[t]he term 'tribunal' includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts") (citations omitted).

Finally, Via Vadis is undoubtedly an "interested person" within the meaning of the statute as it is the Plaintiff in both the German and Luxembourg proceedings. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782...").

### III.    The Balance of Discretionary Factors Tips in Via Vadis' Favor

Given that the three requirements of §1782 are met, the District Court should liberally

---

[2]    The U.S. Lawsuit involves patent infringement claims against Respondents raised by Via Vadis, LLC, the licensee of two United States patents that correspond to, and arise from, the same patent family as the EP '591 patent.

exercise its discretion and grant Via Vadis' request under § 1782. In this regard, the Ninth Circuit held, in a case affirmed by the Supreme Court, that:

> ...allowance of liberal discovery seems entirely consistent with the two aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.

*Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). In *Intel*, the Supreme Court stated that the following four factors bear consideration in ruling on a §1782(a) request:

(1) whether the person from whom discovery is sought is subject to discovery as part of the foreign proceeding;

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requests are unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65; *see also Cryolife, Inc. v. Tenaxis Medical, Inc.*, 2009 U.S. Dist. LEXIS 3416, at *3-4 (N.D. Cal. Jan. 13, 2009).

*Cryolife* is particularly instructive as the court there was presented with circumstances virtually identical to the circumstances presented here. There, the sole assignee of a European patent filed a patent infringement action in the Dusseldorf Regional Court in Germany, the same German court where Petitioner here filed its patent infringement lawsuit. Like Via Vadis, Cryolife filed a petition in the District Court for an order directing the alleged patent infringer to produce documents. The court found that Cryolife properly invoked §1782 and that the *Intel* discretionary factors weighed in Cryolife's favor. *Id.* at *15. As such, it granted its requested discovery. *See also In re Schottdorf*, 2006 WL 3844464 (S.D.N.Y., Dec. 29, 2006) (upholding

order granting §1782 order to produce documents for use in a German lawsuit as all four of the *Intel* factors were met). Petitioner here has similarly met all of the relevant considerations. As such, its discovery request should be granted.

### A.   Via Vadis Cannot Obtain this Discovery in Germany and Luxembourg

The first factor weighs heavily in favor of granting the requested discovery. Under German procedures, German courts can only compel production of documents under certain limited scenarios not present here. *See* Haag Declaration at ¶¶ 10-12. Because the German court will not compel the production of the computer source code underlying the Skype telecommunications service prior to the hearing in the German case on December 6th, the first factor strongly favors granting the requested discovery in the German proceeding. *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *5 (granting German petitioner's petition for discovery where similar discovery could not be compelled in German court proceeding). *See also, In re Schottdorf*, 2006 WL 3844464 at *7 (concluding that the petitioner's attempt to acquire discovery it was otherwise unable to obtain in Germany was "not an 'impermissible' use of §1782 because, in some respects, that is precisely the type of assistance that the statute was designed to afford").

Moreover, while the Luxembourg court did issue an Ordonnance permitting an inspection of SkypeS' business premises in order to obtain the computer source code, SkypeS has refused to comply with that court order by refusing to provide the computer source code altogether and has instead only provided limited information regarding the functionality and capabilities of the Skype software products. *See* Haag Declaration at ¶¶ 17 -19. Thus, despite the presence of the court order, Via Vadis cannot obtain the requested discovery in Luxembourg.

7

### B. Via Vadis Will Be Able to Use the Requested Discovery in the German and Luxembourg Proceedings

The second factor, concerning the nature and character of the foreign tribunal and its receptivity to U.S. judicial assistance, also weighs in favor of granting Via Vadis' petition. Under this factor, the Court should not undertake a "speculative foray" into foreign law to try to determine the extent to which a German and Luxembourg court would be receptive to documentary or testimonial evidence gathered under § 1782. *See, e.g., Cryolife,* at *7 (noting that the proper analysis is to examine the nature of the German court and its receptivity to the aid sought from a U.S. court); *In re Application of Euromepa S.A.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995) ("we do not think that the district court's concern for trespassing upon the prerogatives of French sovereignty should have weighed so heavily in its decision."). Instead, the second factor requires the Court to consider whether the German and Luxembourg tribunals have explicitly requested that this Court deny Via Vadis' discovery or otherwise signaled their lack of receptivity to outside discovery assistance; circumstances that most certainly do not exist in the present case. *See Cryolife,* at *7-9 (holding that the second *Intel* factor weighed in Cryolife's favor as the court found "no basis to conclude that the German court would be unreceptive to the information requested by Cryolife".).

Indeed, the opposite is true: the German and Luxembourg courts will accept the requested discovery as proof in the pending proceedings. Haag Declaration, at ¶¶ 15, 19. The Luxembourg court has already indicated a willingness and desire to review this evidence as it has already specifically ordered the production of the computer source code underlying the Skype telecommunications services. *Id.* at ¶ 18. Moreover, the German court will also very likely be receptive to reviewing and considering the source code. Haag Declaration at ¶¶ 14-15. Indeed, Via Vadis is not aware of any German case rejecting evidence discovered through US

8

proceedings. As both the German and Luxembourg tribunals will very likely accept the source code into evidence, the second factor also weighs in Via Vadis' favor.

      C.     **Via Vadis Is Not Attempting to Circumvent German or Luxembourg Proof-gathering Restrictions.**

The discovery sought by Via Vadis is not an effort to circumvent German or Luxembourg procedures, but rather constitutes a supplemental method of obtaining relevant information that is fully expected to be introduced into the German and Luxembourg actions. *See* Haag Declaration, at ¶¶ 14-15, 18-20. As the Supreme Court has explained, "[m]ost civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure." *Intel*, 542 U.S. at 262. The mere fact that Germany and Luxembourg provide for limited discovery does not mean that a petition for relief under §1782 should be denied. *Id.* "A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture or tradition- reasons that do not necessarily signal objection to aid from United States federal courts." *Intel*, 542 U.S. at 261; *see also In re Application of Euromepa, S.A.*, 51 F.3d 1095, 1101 (2d Cir. 1995) ("[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participating in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief sought.").

In *In re Schottdorf, supra,* the District Court concluded that the applicant's attempt to acquire discovery it was unable to obtain in Germany was "not an impermissible use of §1782 because, in some respects, that is precisely the type of assistance that the statute was designed to afford." *In re Schottdorf,* 2006 WL 3844464, at *7. The same logic applies here.

This Court's assistance would not offend Germany, Luxembourg or their courts. To the contrary, the Courts in Germany and Luxembourg would likely permit the introduction of such evidence, Haag Declaration at ¶¶ 15, 19, and the Luxembourg court has already approved the

9

production of the computer source code. Quite simply, "the mere fact that [a petitioner] seeks discovery that is unavailable under foreign law is not a basis for denying its application." *In the Matter of the Application of The Procter & Gamble Co.*, 34 F. Supp.2d 1112, 1116 (E.D. Wis. 2004). Accordingly, the third factor does not weigh against entry of the requested relief.

### D. Via Vadis' Narrowly Requested Discovery is Neither Unduly Intrusive Nor Burdensome

Under the fourth and final *Intel* factor, the Court must consider whether Via Vadis' discovery request is unduly intrusive or burdensome. *See Intel*, 524 U.S. at 265; *Cryolife*, at *12. As noted above, Via Vadis seeks the production of Respondents' computer source code and related core technical documents underlying the Skype technical services, which source code and technical documents have already been produced during discovery in the U.S. litigation.[3] Haag Declaration, ¶ 23.

Furthermore, this request is sufficiently tailored to the litigation issues for which production is sought. The computer source code is vital to the German and Luxembourg patent infringement suits as it should shed extensive light on whether the components of the inventions claimed in the EP '591 patent are present in Skype's telecommunication services. *See, e.g., Cryolife, Inc.*, 2009 U.S. Dist. LEXIS 3416, at *13; (granting petitioner's request for documents as the documents would "clarify" issues at stake in the litigation); *In re Schottdorf*, 2006 WL 3844464 at *8 (granting petitioner's discovery requests because the requests were "sufficiently tailored to the litigation issues for which production is sought.").[4]

---

[3]   Via Vadis, LLC, the plaintiff in the U.S. Lawsuit, is precluded from disclosing the computer source code due to the entry of a protective order in that litigation. Haag Declaration, ¶ 22.

[4]   To the extent that Respondents contend that the production raises confidentiality concerns, Via Vadis is willing to inspect the source code and core technical documents subject to the same restrictions as those in the confidentiality agreement in place in the U.S. Lawsuit, and make itself subject to the jurisdiction of this court in that regard.

## **CONCLUSION**

Via Vadis meets all requirements set forth in 28 U.S.C. §1782 and each of the *Intel* factors favors granting the requested discovery. Accordingly, Via Vadis Controlling GmbH respectfully requests that this Court exercise its jurisdiction under 28 U.S.C. §1782 to compel Skype, Inc. ("Skype"), Skype Communications S.à r.l. ("SkypeC"), Skype Global S.à r.l. ("SkypeG"), Skype Software S.à r.l. ("SkypeS") and Skype Technologies, SA (SkypeT") (collectively, "Respondents"), to provide the computer source code underlying the Skype technology services.

Respectfully submitted,

*/s/ Daniel A. Griffith*
Daniel A. Griffith (DE# 4209)
WHITEFORD TAYLOR PRESTON, LLC
The Renaissance Centre, Suite 500
405 N. King St.
Wilmington, Delaware 19801
(302) 357-3254
dgriffith@wtplaw.com

Edward M. Buxbaum
Steven E. Tiller
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
ebuxbaum@wtplaw.com
stiller@wtplaw.com

Martin M. Zoltick
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040
mzoltick@rothwellfigg.com

Robert J. Weltchek
WELTCHEK MALLAHAN & WELTCHEK
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287
rweltcheck@wmwlawfirm.com

***Attorneys for Petitioner,***
***VIA VADIS CONTROLLING GmbH***