IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS CONTROLLING GMBH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-mc-193 (RGA) |
| | ) | |
| SKYPE, INC.; SKYPE COMMUNICATIONS | ) | |
| SARL; SKYPE GLOBAL SARL; SKYPE | ) | |
| SOFTWARE SARL; and SKYPE | ) | |
| TECHNOLOGIES, SA, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS SKYPE, INC., SKYPE COMMUNICATIONS SARL,
SKYPE GLOBAL SARL, SKYPE SOFTWARE SARL, AND
SKYPE TECHNOLOGIES SA'S OPPOSITION TO
VIA VADIS GMBH'S PETITION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Respondents*

OF COUNSEL:

Douglas E. Lumish
Parker C. Ankrum
KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 95064
(650) 453-5170

Michael B. Eisenberg
Stefan R. Stoyanov
KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

October 24, 2012

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ......................................................................................................... 2

III.    LEGAL FRAMEWORK ........................................................................................... 4

IV.     ARGUMENT .............................................................................................................. 5

        A.      Via Vadis GmbH's Petition Fails to Meet the "Resides or Is
                Found" Requirement of 28 U.S.C. § 1782 as to Skype
                Communications SARL, Skype Global SARL, Skype Software
                SARL, and Skype Technologies, SA ....................................................... 5

        B.      The Discretionary *Intel* Factors Do Not Support Via Vadis
                GmbH's Petition ........................................................................................ 7

                1.      The Discovery Via Vadis GmbH Seeks is Incredibly
                        Intrusive ........................................................................................ 7

                2.      Via Vadis Gmbh's Analysis of the First *Intel* Factor
                        ("Jurisdictional Reach") Is in Direct Conflict with Its
                        Analysis of the Third *Intel* Factor ("Discovery Limits") ........................ 10

                        a.      The German Court ................................................................ 10

                        b.      The Luxembourg Court ......................................................... 12

                3.      Via Vadis GmbH's Analysis of the Second Intel Factor
                        ("Admissibility") is at Best Equivocal ......................................... 12

        C.      Additional Discretionary Factors Also Weigh Against Granting
                Via Vadis GmbH's Petition ...................................................................... 13

V.      CONCLUSION .......................................................................................................... 15

TABLE OF AUTHORITIES

Page(s)

CASES

*AstraZeneca Pharmaceuticals LP v. Mylan Pharmaceuticals Inc. (In re: Rosuvastatin Calcium Patent Litigation)*,
  MDL No. 08-1949, 2010 U.S. Dist. LEXIS 14935 (D. Del. Feb. 19, 2010)............................7

*Four Pillars Enterprises Co. v. Avery Dennison Corp.*,
  308 F.3d 1075 (9th Cir. 2002) ......................................................................... 8, 13

*In re Babcock Borsig AG*,
  583 F. Supp. 2d 233 (D. Mass. 2008).............................................................. 13, 14

*In re Caratube*,
  730 F. Supp. 2d 101 (D.D.C. 2010) ....................................................................13

*In re Chevron Corp.*,
  633 F.3d 153 (3d Cir. 2011) .................................................................... 5, 10, 12

*In re Digitechnic*,
  No. C07-414, 2007 U.S. Dist. LEXIS 33708 (W.D. Wash. May 8, 2007) ..................... 13, 14

*In re Godfrey*,
  526 F. Supp. 2d 417 (S.D.N.Y. 2007) ...................................................................6

*In re Inversionesy Gasolinera Petroleos Valenzuela*,
  08-MC-20378, 2011 U.S. Dist. LEXIS 5201 (S.D. Fla. Jan. 19, 2011)..................................6

*In re IPC Do Nordeste, LTDA*,
  2012 U.S. Dist. LEXIS 137150 (E.D. Mich. Sept. 25, 2012)............................................14

*In re Kolomiosky*,
  2006 U.S. Dist. LEXIS 58591 (S.D.N.Y. Aug. 18, 2006)......................................................6

*In re OOO Promnefstroy*,
  No. M 19-99, 2009 U.S. Dist. LEXIS 98610 (S.D.N.Y. Oct. 15, 2009)...............................11

*In re Thai-Lao Lignite (Thailand) Co.*,
  821 F. Supp. 2d 289 (D.D.C. 2011) ......................................................................6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) .................................................................................Passim

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ......................................................................................7

*John Deere Ltd. v. Sperry Corp.*,
754 F.2d 132 (3d Cir. 1985) ...............................................................................11

*Kehm Oil Co. v. Texaco, Inc.*,
537 F.3d 290 (3d Cir. 2008) ..................................................................................7

**OTHER AUTHORITIES**

Marat A. Massen, *Note*: *Discovery for Foreign Proceedings After Intel v. Advanced Micro Devices*: *A Critical Analysis of 28 U.S.C. § 1782 Jurisprudence*,
83 S. CAL. L. REV. 875 (2010) ............................................................  11

**RULES AND STATUTES**

28 U.S.C. § 1782 ..................................................................................................Passim

Respondents Skype, Inc., Skype Communications SARL, Skype Global SARL, Skype Software SARL, and Skype Technologies SA (collectively "the Skype Parties") respectfully submit this Opposition to Petitioner Via Vadis Controlling GmbH's ("Via Vadis GmbH") Petition for discovery pursuant to 28 U.S.C. § 1782 ("Via Vadis GmbH Petition").

## I.      INTRODUCTION

Via Vadis GmbH's request for discovery under 28 U.S.C. § 1782 represents its fifth action against Skype in three different countries.  In Luxembourg, Via Vadis GmbH has yet to take the necessary steps to actively pursue its infringement claims, despite the passage of more than a year.  And in Germany, Via Vadis GmbH unilaterally sought a delay for reasons other than a need to take additional discovery.  Indeed, in contrast to its statements to the German court, Via Vadis GmbH presents its intrusive discovery requests to this Court in an overt attempt to avoid discovery limitations in Germany.

In addition, the Via Vadis GmbH Petition is an attempt to escape the terms of the mutually negotiated Protective Order (D.I. 57), which was entered by the Court on June 13, 2012.  As stated in the Protective Order, "[a]ll [discovery] materials shall be used only in connection with the preparation, trial, and appeal of this action, and may not be shared, referenced or otherwise utilized in any other action, including but not limited to the nullity and/or infringement matters pending in Germany and Luxembourg."  (Protective Order, D.I. 57 at 2).[1] Further, even without the express agreement of the parties, Via Vadis GmbH's demand that Skype produce its source code for use in Germany and Luxembourg contradicts both the District

---

[1]      All emphasis herein is added unless otherwise noted.

of Delaware Default Standard for Access to Source Code and the result of the July 6, 2012 discovery hearing (D.I. 63).

## II.    BACKGROUND

The series of disputes leading to Via Vadis GmbH's submission of an *ex parte* petition to this Court began on or about January 20, 2011, when AC Technologies SA and Via Vadis GmbH submitted an *ex parte* petition to the President of the Luxembourg District Court seeking an Ordonnance granting access to, *inter alia*, Skype's proprietary source code.[2] (Manhaeve Decl. ¶ 5.)  Via Vadis GmbH describes those events as follows:

> As a result of certain proceedings initiated in Luxembourg, the Court President (*i.e.*, the Presiding Judge) issued an Ordonnance (the functional equivalent to a search order in the United States) on January 21, 2011, permitting Via Vadis to inspect the business premises of SkypeS in Luxembourg in order to gain access to, and inspect, the computer source code underlying the Skype software products and peer-to-peer network . . . . Based on this Ordonnance, two court-appointed experts made arrangements to inspect the source code at the office of SkypeS in Luxembourg.   Haag Declaration at ¶ 18.  Despite issuance of the Ordonnance, the court-appointed experts were prevented by SkypeS from reviewing the source code.

Via Vadis Controlling GmbH's Memorandum of Law in Support of its Petition for Discovery ("Via Vadis GmbH Memorandum"), at 3.  This description is both incomplete and misleading. Based on a search for the purported "court-appointed experts," it appears clear that both were appointed at the suggestion of Via Vadis GmbH.  Dr. Peter J. Hoppen purports to be an "IT expert[] [from] Streitz Hoppen & Partner in Brühl, the leading German expert office in the field of  information  technology."   *See*  http://www.streitz.de/e-index.htm.   Similarly, Nicolas

---

[2]        The Ordonnance is currently the subject of two separate appeals in Luxembourg. (Manhaeve Decl. ¶ 8.)

Douxchamps is a patent agent from Munich, Germany from the law firm Hoffmann Eitle. www.hoffmanneitle.com/professionals/people/Nicolas-Douxchamps/76?v1=4&v2=0&n=3. As explained in the declaration of Katia Manhaeve, it is accepted practice in Luxembourg for the court to appoint an "expert" at the ex parte suggestion of the requesting party. (Manhaeve Decl. ¶ 6.) It seems unlikely that the Luxembourg Court President so quickly alighted independently on two German nationals to act as experts, although the nature of Via Vadis GmbH's *ex parte* approach to that court makes clarification difficult to obtain.

Via Vadis GmbH's assertion that Dr. Hoppen and Mr. Douxchamps "made arrangements to inspect the source code" is equally misleading. Dr. Hoppen and Mr. Douxchamps arrived unannounced on the morning of January 27, 2011 with a bailiff, a police officer, and three representatives for Via Vadis GmbH. *See* March 22, 2011 Expert Report of Dr. Peter J. Hoppen and Nicolas Douxchamps at 6 (attached as Exhibit A). Any suggestion that their visit was remotely similar to any normal method of discovery in the United States is unsupportable. The propriety and enforceability of the Luxembourg Ordonnance is the subject of two pending appeals in the Luxembourg court system. (Manhaeve Decl. ¶ 8.)

On January 21, 2011 (the same day the Luxembourg Court President issued the Ordonnance), Via Vadis GmbH sued Skype Software S.a.r.l. for patent infringement of the European Patent No. 1 151 591 B1 ("the EP '591 patent") in Dusseldorf Germany.[3] A hearing on the infringement issue (the analog of a trial in federal court) was scheduled for August 2,

---

[3]    Considering the timing of the German lawsuit relative to the Luxembourg Court President's Ordonnance (filed the same day), the relative sizes of the economies of Germany and Luxembourg (approximately 3.57 trillion dollars compared to 59.47 billion dollars), and the purported difficulty in obtaining discovery in Germany (*see* Via Vadis GmbH Memorandum at 7), it appears that the Via Vadis Petition is merely a continuation of Via Vadis's plan to avoid discovery limitations in Germany that began in Luxembourg.

2012. (Mueller-Stoy Decl. ¶ 5.) On July 25, 2012, just days before the infringement hearing was to occur, the court delayed the hearing to December 6, 2012 at Via Vadis GmbH's request. *Id.* at ¶ 6. Although Via Vadis GmbH's stated reasons for the delay included changes of counsel for and management of Via Vadis GmbH, it <u>did not mention</u> the need to obtain further evidence to proceed with its allegations. *Id.* (citing letter of Jul. 16, 2012 from Hosea Haag to the District Court of Dusseldorf).

On April 21, 2011, AC Technologies SA and Via Vadis GmbH had a writ served on Skype Software S.a.r.l. introducing patent infringement proceedings in Luxembourg. AC Technologies SA's and Via Vadis GmbH's claim included a request for an order requiring production of Skype's proprietary source code. (Manhaeve Decl. ¶ 9.) After more than seventeen months, however, AC Technologies SA and Via Vadis GmbH have yet to "enroll" the writ before the Luxembourg District Court, a necessary step for the pursuit of formal proceedings. *Id.* at 10. The Luxembourg actions, therefore, have laid dormant for nearly two years.

## III.    LEGAL FRAMEWORK

Under Section 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782 (2006). There are three threshold statutory requirements that must be met: (1) the person from whom discovery is sought must reside or be found in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a tribunal or "interested person." *Id.*; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249-57 (2004).

Meeting those threshold requirements authorizes a court to grant a § 1782 discovery application. As the Supreme Court has emphasized, however, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264; *see also id.* at 266 ("Having held that § 1782(a) authorizes, but does not require, discovery assistance, we leave it to the courts below to ensure an airing adequate to determine what, if any, assistance is appropriate."). The Court also identified a non-limiting set of <u>discretionary factors</u> "that bear consideration in ruling on a § 1782(a) request":

> [1] when the person from whom discovery is sought is a participant in the foreign proceeding (as [respondent] is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad . . . [2] a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial assistance . . . [3] a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States . . . [4] Also, unduly intrusive or burdensome requests may be rejected or trimmed.

*Id.* at 264-65; *see also In re Chevron Corp.*, 633 F.3d 153, 162-64 (3d Cir. 2011) (analyzing the four *Intel* factors). Based on a review of the *Intel* factors, the Court should employ its discretion to deny the intrusive and unwarranted discovery requested.

## IV.    ARGUMENT

### A.    Via Vadis GmbH's Petition Fails to Meet the "Resides or Is Found" Requirement of 28 U.S.C. § 1782 as to Skype Communications SARL, Skype Global SARL, Skype Software SARL, and Skype Technologies, SA

As alleged in Via Vadis GmbH's Petition, four of the respondent entities are "organized and existing under the laws of Luxembourg" and have their principal places of business in Luxembourg. Via Vadis GmbH Petition ¶¶ 3-6. Via Vadis GmbH asserts that the

Luxembourg based Skype entities "are 'found' in this District given the fact that they routinely do business here . . . [and] are already subject to jurisdiction in this Court because they are parties in related patent litigation. Via Vadis GmbH Memorandum at 5. Via Vadis GmbH's argument regarding the statutory "found" requirement is devoid of legal support and contrary to any fair reading of the statute.[4]

As explained in *In re Godfrey*, 526 F. Supp. 2d 417, 419 (S.D.N.Y. 2007), the burden of proof to establish that a respondent is "found" in the jurisdiction rests upon the petitioner (citing *In re Kolomiosky*, 2006 U.S. Dist. LEXIS 58591, at *3 (S.D.N.Y. Aug. 18, 2006)). *See also In re Thai-Lao Lignite (Thailand) Co.*, 821 F. Supp. 2d 289, 294-95 (D.D.C. 2011); *In re Inversiones y Gasolinera Petroleos Valenzuela*, 08-MC-20378, 2011 U.S. Dist. LEXIS 5201 (S.D. Fla. Jan. 19, 2011). Other than its vague and unsupported statement that the Luxembourg-based Skype entities "routinely do business" in Delaware and the fact that certain of the entities consented to personal jurisdiction for the patent suit, Via Vadis GmbH provides no evidence in support of the statutory requirement. Via Vadis GmbH Memorandum at 5.

To the extent Via Vadis GmbH's vague allegations were intended to establish the existence of specific personal jurisdiction over the Luxembourg Skype entities, its analysis was both legally irrelevant and insufficient. As explained by Judge Rakoff in *Godfrey*, specific personal jurisdiction is a separate and distinct analysis from being "found" under 28 U.S.C. § 1782. 526 F. Supp. 2d at 421-22 (analogizing the term "found" in § 1782 to the general personal jurisdictional requirement of "systematic and continuous local activities"). Via Vadis

---

[4]     The difference between including or excluding the Luxembourg Skype entities is likely to be minor – Skype Inc. (a Delaware corporation) has access to the source code and core technical documents that Via Vadis GmbH seeks. Via Vadis's allegations are, however, emblematic of a troubling failure to present the proper reach of 28 U.S.C. §1782.

GmbH's unsupported allegations fall far short of a showing necessary to establish general personal jurisdiction over the Luxembourg Skype entities. *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) ("'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given."); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) ("General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state."). In addition, the fact of prior litigation against a defendant is hardly a fair basis upon which to confer general jurisdiction. *AstraZeneca Pharmaceuticals LP v. Mylan Pharmaceuticals Inc. (In re: Rosuvastatin Calcium Patent Litigation)*, MDL No. 08-1949, 2010 U.S. Dist. LEXIS 14935, at \*10 (D. Del. Feb. 19, 2010) ("[T]he Court is not persuaded that [defendant]'s participation, primarily as a defendant, in litigation in this District is sufficient to support the exercise of general jurisdiction.").

      **B.**      **The Discretionary *Intel* Factors Do Not Support Via Vadis GmbH's Petition**

As explained above, the Supreme Court's decision in *Intel* provided an open-ended list of discretionary factors to be considered when reviewing petitions under 28 U.S.C. § 1782. *Intel*, 542 U.S. at 264. Via Vadis GmbH's Memorandum purports to address those factors, but its analysis misses the mark.

      **1.**      **The Discovery Via Vadis GmbH Seeks is Incredibly Intrusive**

Although it is listed fourth in the Supreme Court's *Intel* factors, the intrusive nature of Via Vadis GmbH's request places significant emphasis on that factor. Via Vadis GmbH asserts with respect to the level of intrusion, that it "seeks the production of Respondents'

computer source code and related core technical documents underlying the Skype technical services, which source code and technical documents have already been produced during discovery in the U.S. litigation." Via Vadis GmbH Memorandum at 10. This statement is simply incorrect.

As an initial matter, Skype notes that the issue of the use of U.S.-based discovery for the German and Luxembourg actions was expressly addressed in the parties' joint Protective Order, in which the parties agree that "[a]ll [discovery] materials shall be used only in connection with the preparation, trial, and appeal of this action, and may not be shared, referenced or otherwise utilized in any other action, including but not limited to the nullity and/or infringement matters pending in Germany and Luxembourg." Protective Order (D.I. 57 at 2). Via Vadis GmbH's attempt to erase the mutually agreed upon barrier between the pending lawsuits is contrary to both the letter and spirit of the Protective Order. In addition, as held by the Ninth Circuit in *Four Pillars Enterprises Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078-79 (9th Cir. 2002), the existence of a protective order in conflict with the scope of discovery sought under § 1782 is a discretionary factor weighing against the grant of discovery.

Moreover, contrary to Via Vadis GmbH's assertion that the source code has been produced, the Protective Order unambiguously states that discovery of source code is to be conducted by inspection on "a stand-alone computer (the 'Source Code Computer') with all ports, drives, software, communication access (including, but not limited to, internet access), or similar avenues that could be used to copy or otherwise transfer data blocked, at the Delaware offices of the producing party's outside litigation counsel." Protective Order (D.I. 57 at 8); *see also id.* at 8-13 (providing specific limitations on the access to and use of source code). To the

extent counsel for Via Vadis GmbH has obtained Skype's source code, it would appear that the terms of the Protective Order were violated.

In addition to inspection on the Source Code Computer, the Protective Order provides for a very limited right to print for production "only . . . those limited portions of the source code specifically necessary to a specific case preparation activity." *Id.* at 10. The scope of Via Vadis GmbH's limited printing right was recently addressed by the Court during a discovery dispute hearing on July 6, 2012 (D.I. 63). The particular issue addressed was whether Via Vadis GmbH could force the production of approximately 2000 pages of source code, which it characterized as merely two percent of the code subject to inspection. *Id.* at 3:22-25; 10:9-10. As the Court stated, source code is subject to "the highest category of protection," in part due to the possibility of inadvertent disclosure. *Id.* at 8:2-6. The Court also stated that under the District of Delaware Default Standard, source code cannot be printed or copied without party consent or Court order. *Id.* at 11:19-22. The Court concluded that Via Vadis GmbH's request was excessive and denied the motion. *Id.* at 13:20-25.[5]

Now, despite the contrary result of the July 6, 2012 discovery hearing, Via Vadis GmbH requests the Court to use its discretion to order "the production of Respondents' computer source code." Via Vadis GmbH Memorandum at 10.[6] Via Vadis fails to even acknowledge the Court's prior ruling.

---

[5]     The Court further stated that the printing of a "page or two" could be reasonable, but that production of complete files would be unlikely. (D.I. 63 at 16:11-17).

[6]     In a footnote, Via Vadis GmbH suggests that it is willing to subject itself to the jurisdiction of this Court for the purpose of enforcing a "confidentiality agreement." Via Vadis GmbH Memorandum at 10 n.4. The vague assurance is of little comfort to the Skype parties. Via Vadis GmbH makes no mention of how that enforcement would meaningfully apply to: (1) the respective courts in Germany and Luxembourg; (2) a German company that appears to have no assets beyond its exclusive license to the EP (Continued . . .)

In addition, Via Vadis GmbH concedes that "the discovery sought is for use in . . . [the] lawsuits pending in Germany and Luxembourg."  Via Vadis GmbH Memorandum at 5. Via Vadis GmbH makes no mention of how it would seek to protect the confidentiality of Skype's source code in those countries, where adoption and enforcement of protective orders are not common practice.  *See* (Mueller-Stoy Decl. ¶ 7; Manhaeve Decl. ¶ 12.)  The cavalier attitude adopted by Via Vadis GmbH with respect to one of Skype's most valuable assets counsels against providing the discovery it seeks.

### 2. Via Vadis Gmbh's Analysis of the First *Intel* Factor ("Jurisdictional Reach") Is in Direct Conflict with Its Analysis of the Third *Intel* Factor ("Discovery Limits")

#### a. The German Court

According to Via Vadis GmbH, "the German court will not compel the production of the computer source code underlying the Skype telecommunications service."  Via Vadis GmbH Memorandum, at 7 (citing Haag Decl. ¶¶ 10-12).  And according to Via Vadis GmbH, this assertion is relevant to the first *Intel* factor.  The Skype Parties respectfully disagree.

The actual language of the first *Intel* factor is:  "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."  *Intel*, 542 U.S. at 264.  As the Third Circuit explained in *Chevron*, 633 F.3d at 162, the proper inquiry under this factor is whether the foreign court has "jurisdictional reach" over the requested materials.  Thus, the information sought is within the jurisdictional reach of the German courts.  What Via Vadis GmbH complains of is the

---

(. . . continued)

     '591 patent; (3) Via Vadis GmbH's European attorneys; and (4) any experts hired by Via Vadis GmbH's attorneys.

purposefully limited scope of German discovery.  *See* Marat A. Massen, *Note*: *Discovery for Foreign Proceedings After Intel v. Advanced Micro Devices*: *A Critical Analysis of 28 U.S.C. § 1782 Jurisprudence*, 83 S. CAL. L. REV. 875, 885-86 (2010) (explaining that "German discovery law is guided by the principle that '[a] party is not obliged to give the weapons into the other party's hands'") (citation omitted) (hereinafter "Massen Note on 1782 Discovery").  That Germany has decided to limit litigants' discovery rights is irrelevant to the first *Intel* factor.[7]

Indeed, the distinction between "jurisdictional reach" and purposeful forbearance on the part of the relevant judicial system is highlighted by the third *Intel* factor, which asks "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel,* 542 U.S. at 264. To be sure, if their assertions regarding the limits of discovery in Germany are taken as true, Via Vadis GmbH's Petition is an overt (rather than concealed) attempt to avoid German proof-gathering restrictions.  *See Via Vadis GmbH Memorandum* at 7; *but see id.* at 9 (urging unconvincingly that the discovery it seeks is merely "a supplemental method" rather than circumvention).  But the undisputed fact of Germany's limited discovery rights weighs against rather than for Via Vadis GmbH's Petition. *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 136 (3d Cir. 1985); *In re OOO Promnefstroy*, No. M 19-99, 2009 U.S. Dist. LEXIS 98610, at *23-25 (S.D.N.Y. Oct. 15, 2009).

---

[7]    Moreover, it is far from clear that discovery in Germany is as limited as Via Vadis GmbH suggests.  The Haag Declaration states that discovery is limited in Germany and that "the German court does not have the authority to compel SkypeS to produce the computer source code or related core technical documents underlying the Skype telecommunications service in the pending proceedings." (Haag Decl. ¶¶ 9-13.)  This is directly contradicted, however, by a leading practice guide for patent litigation in Germany.  *See* Mueller-Stoy Decl. ¶ 10 (describing procedure for inspection of documents and objects under Sections 809 of the German Civil Code).

### b.    The Luxembourg Court

Via Vadis GmbH makes little mention of the status of discovery in Luxembourg. Via Vadis GmbH Petition at 7. Via Vadis GmbH does refer to the *ex parte* Ordonnance issued by the Luxembourg court on January 21, 2011, approximately 21 months ago. Via Vadis GmbH, however, fails to mention that the propriety and enforceability of that Ordonnance is the subject of two current appeals in Luxembourg. (Manhaeve Decl. ¶ 8.) Via Vadis GmbH also fails to mention that it has asked the Luxembourg District Court in the scope of the Luxembourg infringement proceedings to order Skype Software Sàrl to produce the proprietary Skype source code. The Luxembourg District Court will thus have the occasion to hear all parties in relation to this request and to render its own judgment on this matter. *Id.* at ¶ 9. At the same time, it is nevertheless interesting to note that Via Vadis has yet to "enroll" the writ including the request for source code disclosure before the Luxembourg District Court. *Id.* at ¶ 10. This unexplained 17-month delay belies Via Vadis GmbH's suggestion of urgent need for the requested discovery for the Luxembourg litigation.

### 3.    Via Vadis GmbH's Analysis of the Second *Intel* Factor ("Admissibility") is at Best Equivocal

The second *Intel* factor is directed to "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. In general, this factor considers whether the "[foreign] court would consider evidence revealed in a section 1782 proceeding." *Chevron*, 633 F.3d at 163.

According to Via Vadis GmbH, "the German and Luxembourg courts <u>will accept the requested discovery</u> as proof in the pending proceedings." Via Vadis GmbH Memorandum at 8 (citing Haag Decl. ¶¶ 15, 19 [sic 20]). The Haag declaration, however, provides nothing

other than his unsupported opinion regarding the receptiveness of the German court and second-hand opinion from "Luxembourg counsel" regarding the receptiveness of the Luxembourg court. *See* Haag Decl. ¶¶ 15, 20.  At best, the speculative and unsupported opinion from Mr. Haag regarding the receptiveness of the German and Luxembourg courts should be given little weight in the discretionary analysis.  *See In re Digitechnic*, No. C07-414, 2007 U.S. Dist. LEXIS 33708, at *12 (W.D. Wash. May 8, 2007) (referring to equivocal evidence of admissibility as "a toss-up at best"); *see also In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) (noting that "neither party has presented 'authoritative proof' regarding the receptivity of the [tribunal] to the discovery materials requested").

### C.    Additional Discretionary Factors Also Weigh Against Granting Via Vadis GmbH's Petition

In addition to the four factors addressed in *Intel*, courts addressing discovery requests under § 1782 have considered other factors as weighing against the grant of discovery. For example, as discussed in Section IV.B.1., *supra*, the Ninth Circuit has considered the existence of a protective order counter to the discovery request as a discretionary factor against granting discovery.  *See Four Pillars*, 308 F.3d at 1078-79.

Similarly, in *In re Caratube*, 730 F. Supp. 2d 101, 106-07 (D.D.C. 2010), the court considered the petitioner's delay in bringing its petition as a basis to deny discovery.  In *Caratube*, the petitioner "filed its petition over a year after the Tribunal set a detailed schedule governing the arbitration proceedings." *Id.* at 106.  The court held that petitioner's "tardiness . . . supports denying the petition." *Id.* at 107 (citing *Digitechnic*, 2007 U.S. Dist. LEXIS 33708, at *5).  Here, Via Vadis GmbH waited approximately 21 months after instituting the German proceeding to submit its petition.  Indeed, the petition was submitted approximately 2 months

after the originally scheduled August 2, 2012 hearing date, which was delayed at Via Vadis GmbH's unilateral request.[8]  (Mueller-Stoy Decl. ¶ 6).

Courts have also looked to the efforts made by the petitioner to obtain the discovery in the foreign jurisdiction.  *Digitechnic*, 2007 U.S. Dist. LEXIS 33708, at *10 ("[T]here is . . . no reason that this Court should overlook Digitechnic's failure to attempt any discovery measures in France in making the discretionary decision now before it."), *accord Babcock Borsig AG*, 583 F. Supp. 2d at 241; *see also In re IPC Do Nordeste, LTDA*, 2012 U.S. Dist. LEXIS 137150, at *23 (E.D. Mich. Sept. 25, 2012) (denying § 1782 discovery, in part, because "[petitioner] may be seeking the same evidence from Dow Chemical in this Court and Dow Brasil in the Brazilian court, in which case the discovery sought here is unreasonably cumulative or duplicative").  Here, Via Vadis GmbH has, requested source code disclosure in the scope of the Luxembourg proceedings on the merits.  (Manhaeve Decl. ¶ 9.)  The lack of diligence on the part of Via Vadis GmbH in these proceedings in Luxembourg should weigh against its request.  Indeed, as discussed above, Via Vadis GmbH has failed for the past seventeen months to take the steps necessary to proceed with the Luxembourg litigation (Manhaeve Decl. ¶ 10), further counseling against the grant of the discovery sought.

Finally, the concerns expressed in Justice Breyer's dissent in *Intel* merit consideration in the Court's discretionary analysis:

> [D]iscovery and discovery-related judicial proceedings take time, they are expensive, and cost and delay, or threats of cost and delay, can themselves force parties to settle underlying disputes . . . .

---

[8]    As discussed in the Background Section, Via Vadis GmbH's request for a delay included justifications including change of counsel for and management of Via Vadis GmbH.  Its stated reasons, however, did not include the need to obtain further evidence.  Mueller-Stoy Decl. ¶ 6.  The failure to present all the facts to either the German court or this Court should also weigh against Via Vadis GmbH's Petition.

> They also use up domestic judicial resources and crowd our dockets.

*Intel*, 542 U.S. at 268-69 (Breyer J., dissenting).  The majority opinion in *Intel* dismissed these concerns as "more imaginary than real."  *Id.* at 265 n.17.  The five separate disputes brought by Via Vadis GmbH and its related entities against the Skype Parties in three countries, however, are not imaginary.  The "excessive" demands made by Via Vadis's counsel in discovery before this Court are also not imaginary.  (Sept. 24, 2012 Disc. Tr., at 30.)  Here, the threat of additional and unwarranted costs to the Skype Parties here and in Europe in addition to the potential security risks associated with the requested discovery put them at a distinct disadvantage.

## V.    CONCLUSION

For the foregoing reasons, respondents Skype, Inc., Skype Communications SARL, Skype Global SARL, Skype Software SARL, and Skype Technologies, SA request the denial of the Via Vadis GmbH Petition.[9]

---

[9]    Should the Court grant discovery, we request that Via Vadis GmbH's inspection of the source code be subject to the same restrictions under the Protective Order (D.I. 57), including limitation on review and printing at the Delaware offices of the producing party's outside litigation counsel.  *See id.* at 8-10.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Douglas E. Lumish
Parker C. Ankrum
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
333  Twin Dolphin Drive, Suite 200
Redwood Shores, CA 95064
(650) 453-5170

Michael B. Eisenberg
Stefan R. Stoyanov
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

October 24, 2012
6596251.1

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 24, 2012, upon the following in the manner indicated:

Daniel A. Griffith, Esquire                    *VIA ELECTRONIC MAIL*
WHITEFORD TAYLOR PRESTON LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, DE 19801
*Attorneys for Plaintiff*

Martin M. Zoltick, Esquire                    *VIA ELECTRONIC MAIL*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, NW, Suite 800
Washington, DC 20005
*Attorneys for Plaintiff*

Edward M. Buxbaum, Esquire                    *VIA ELECTRONIC MAIL*
Steven E. Tiller, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, MD 21202-1636
*Attorneys for Plaintiff*

Robert J. Weltchek, Esquire                    *VIA ELECTRONIC MAIL*
WELTCHEK, MALLAHMA & WELTCHEK, LLC
2330 West Joppa Road, Suite 203
Lutherville, MD 21093
*Attorneys for Plaintiff*

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)