IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIA VADIS CONTROLLING GMBH,  :
:
         Petitioner  :
:
   v.  :   Civil Action No. 12-mc-193-RGA
:
SKYPE, INC., et al,  :
:
         Respondents  :

## MEMORANDUM OPINION

Daniel A. Griffith, Esq., WHITEFORD TAYLOR PRESTON, LLC, Wilmington, DE.

   Attorney for Plaintiff Via Vadis Controlling GmbH.

Jack Blumenfeld, Esq., Rodger Smith II, Esq., MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

   Attorneys for Defendants, Skype, Inc., et al.

February 21, 2013

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

Petitioner Via Vadis Controlling GmbH, a German corporation, asks this Court to order Skype, Inc. ("Skype"), Skype Communications S.A.R.L. ("SkypeC"), Skype Global S.A.R.L. ("SkypeG"), Skype Software S.A.R.L. ("SkypeS"), and Skype Technologies, S.A. ("SkypeT") (collectively, "Respondents") to produce the source code and other core technical documents that underlie Respondents' telecommunications service system. Asserting that this discovery will enable it to prove patent infringement claims it has brought against Respondents in Germany and Luxembourg, Via Vadis requests that this Court exercise its discretion, under 28 U.S.C. § 1782, to compel the discovery.

## BACKGROUND

Via Vadis is the exclusive licensee of European Patent No. 1-151-591 ("the '591 patent"). (D.I.2-1 at ¶ 4). On January 21, 2011, Via Vadis filed an infringement claim against respondent SkypeS in Germany based on the '591 patent. (*Id.* at ¶ 6). On the same day, at the request of Via Vadis, a Luxembourg court issued an Ordonnance (the functional equivalent of a search order) permitting two court-appointed experts to inspect SkypeS' business premises in Luxembourg. (*Id.* at ¶ 17). Six days later, the experts executed the Ordonnance; they searched SkypeS' Luxembourg office, but were not provided with the source code. (*Id.* at ¶ 19). On April 21, 2011, Via Vadis brought an infringement claim against SkypeS in Luxembourg based on the '591 patent. (*Id.* at ¶ 7).

In the course of parallel U.S. litigation, this Court let Via Vadis discover, subject to a protective order, relevant portions of Respondents' source code. (*Id.* at ¶ 23). Via Vadis now asks this Court to compel production of the source code and other core technical documents for use in the foreign proceedings.

DISCUSSION

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person." 28 U.S.C. § 1782(a). Accordingly, three statutory requirements must be met for this Court to have authority to compel discovery under § 1782(a): (1) the party from whom discovery is sought must reside or be found in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by an interested person. *Id*; *see also* Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d. Cir. 2004).

If a district court has the authority to compel the production of evidence under § 1782(a), whether to do so becomes a matter of discretion. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). Factors that inform this discretion are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id*. at 264-65. Courts must also bear in mind the twin aims of § 1782(a): "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id*. at 252.

Respondents concede that Skype is a Delaware corporation, and thus resides in the District of Delaware for the purposes of § 1782. (D.I.12 at 6, n.4). Because Respondents share a telecommunications system, they also share an underlying source code. Thus, as Respondents

acknowledge, any challenges to § 1782's reach over the remaining respondents would have little practical consequence. (*Id.*). The parties further agree that proceedings have begun in Germany and Luxembourg and that Via Vadis seeks this discovery for use in those proceedings. (*Id.* at 2-3). As a litigant in the proceedings abroad, Via Vadis is an interested party. *See* Intel, 542 U.S. at 256-57. The proceeding is properly before this Court, and whether to grant discovery is therefore a discretionary matter.

On balance, this Court finds that it should not exercise its discretion to grant the petition. First, at least one respondent, SkypeS, is a defendant in both foreign lawsuits. (D.I.2-1 at ¶ 6-7). As the Supreme Court stated in Intel, "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Intel, 542 U.S. at 244. SkypeS, a defendant in the foreign litigation, is subject to the jurisdiction of the foreign courts. Those courts may order SkypeS to produce whatever evidence their laws require. Via Vadis' arguments to the contrary focus on the narrow scope of German discovery laws and SkypeS' alleged noncompliance with the Luxembourg Ordonnance. (D.I.2 at 7). These circumstances, if true, do not take SkypeS out of the foreign proceedings. Therefore, the first Intel factor counsels against compelling the discovery.

The second Intel factor considers the receptivity of the foreign courts to U.S. federal-court assistance. Importantly, the inquiry is not whether the foreign court has analogous discovery laws that would lead to production of the materials, but whether the foreign court would consider the evidence revealed from a § 1782 order. In re Chevron Corp., 633 F.3d 153, 163 (3rd Cir. 2011). As the parties opposing discovery, Respondents bear the burden of proof on this issue. *Id.* Here, however, the evidence produced by the parties provides no clear answer. Via Vadis' insistence

that the foreign courts will consider the § 1782 materials rests on the opinions of two of its own lawyers and a treatise that only superficially addresses 28 U.S.C. § 1782. (D.I.2-1 at ¶ 14-15, 20-21; D.I.15-2 at ¶ 13; D.I.15-1 at 8). Respondents offer no evidence on the issue. (D.I.12 at 12-13). Thus, while it is not entirely persuasive, it appears that the German court would likely consider the § 1782 materials, and this factor favors granting the discovery.

The third Intel factor calls for a determination of whether the § 1782 request is essentially an attempt to circumvent foreign proof-gathering restrictions. However, the Court also stressed that district courts may compel discovery of materials that cannot be discovered in foreign jurisdictions. Intel, 542 U.S. at 259-63. Despite that permission, this Court declines, especially in the absence of any request from the foreign courts, to help Via Vadis overcome the rules and procedures of the foreign courts. Despite their jurisdiction over SkypeS, the foreign courts have not forced SkypeS to produce the requested materials. Discovery under § 1782 would be, in essence, a circumvention of the foreign courts' rules and enforcement procedures.

Finally, this Court looks to whether production of the materials would be unduly intrusive or burdensome. Via Vadis argues that its request for the "computer source code and related core technical documents underlying the Skype technical services" is neither intrusive nor burdensome because it is narrowly drawn and because Respondents have produced the materials in prior litigation. (D.1.2 at 10). However, production of the source code would intrude on the protective order from that prior litigation. The protective order specifically prohibits disclosure of the source code in the proceedings in Germany and Luxembourg. (D.I.2-1 at ¶ 23). In addition, a general request for the source code and related documents places a heavy burden on Respondents. Source codes are the most sensitive and confidential property of Respondents. When disclosed in U.S. litigation, extreme measures are ordered to protect their confidentiality.

Thus, this Intel factor, as well as the overall balance of all the factors, counsels against granting the request for discovery.

An appropriate order will be entered.